# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICHARD DUDLEY,

    Petitioner,

v.                      Case No. 18-CV-1596

RICHARD SCHMIDT,

    Respondent.

## REPORT AND RECOMMENDATION

    Richard Dudley is in custody awaiting trial in Milwaukee County Circuit Court. On October 10, 2018, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He complains he is detained illegally because it was several days following his arrest that he first appeared before a judge, he has not been provided paperwork showing that a judicial officer found probable cause within 48-hours of his arrest, and when he does appear in court he is not allowed to speak.

    He asks the court to permit him to proceed without prepaying the $5.00 filing fee. Based upon the information contained in his affidavit, that motion is **granted**.

    In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a

writ of habeas corpus under 28 U.S.C. § 2241. The court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Although exhaustion of state court remedies is not explicitly required by § 2241(c)(3) like it is for a petition under § 2254, "the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to [such petitions]." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (in turn citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973))); *see also United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991) (citing *Baldwin v. Lewis*, 442 F.2d 29, 31-33 (7th Cir. 1971)) ("While these applicants are not subject to the statutory requirement of exhaustion of remedies, federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ."); *Farrior v. Clark*, 2006 U.S. Dist. LEXIS 48420 (E.D. Wis. 2006).

> The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief. In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings. A petitioner will be held to have exhausted his remedies before trial only in "special circumstances."

*Blanck*, 48 F. Supp. 2d at 860 (citing *United States v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979) (in turn quoting *Braden*, 410 U.S. at 489).

A review of Wisconsin circuit court records, available at http://wcca.wicourts.gov, reveals that Dudley is facing charges in two separate cases in Milwaukee County Circuit Court. In case number 2017CF002963, Dudley is charged with possessing a firearm after having been convicted of a felony, possessing a firearm while subject to a harassment injunction, and felony bail jumping. A status conference is scheduled for November 13, 2018. In case number 2017CF005525, Dudley is charged as a habitual criminal with 11 felonies, including two counts each of first-degree recklessly endangering safety and felony bail jumping, three counts each of possessing a firearm after having been convicted of a felony and possessing a firearm while subject to a harassment injunction, and one count of possessing body armor after having been convicted of a violent felony. He remains in custody in lieu of $75,000 cash bond. A final pretrial conference is scheduled for November 13 and a jury trial is scheduled to commence on December 3, 2018. Dudley is represented by Marcella De Peters in both matters.

A review of the circuit court dockets and the records of the Wisconsin Court of Appeals and Wisconsin Supreme Court fail to reveal that Dudley ever sought relief in any Wisconsin court for the issues he now raises, much less that he has exhausted his remedies in state court. Because Dudley has not exhausted (or even attempted to

exhaust) his remedies in state court, the court finds that Dudley is not entitled to relief in federal court at this time.

**IT IS THEREFORE ORDERED** that Dudley's "Motion for Leave to Proceed Without Prepayment of the Filing Fee" (ECF No. 2) is granted.

**IT IS FURTHER RECOMMENDED** that Dudley's petition and this action be dismissed for failure to exhaust his remedies in state court.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 12th day of October, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge