UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICHARD DUDLEY,

    Petitioner,

v.                                                                       Case No. 18-cv-1596-pp

SHERIFF RICHARD SCHMIDT,

    Respondent.

---

**ORDER ADOPTING RECOMMENDATION (DKT. NOS. 4, 5)
AND DISMISSING CASE**

---

The petitioner filed a federal petition for writ of *habeas corpus* under 28 U.S.C. §2241 while he was awaiting trial in Milwaukee County Circuit Court. Dkt. No. 1. Magistrate Judge William E. Duffin screened the petition and recommended that this court deny the petition because the petitioner did not raise or exhaust in state court the issues he raises in the petition. Dkt. No. 5.

Under Fed. R. Civ. P. 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). Because the petitioner has not filed an objection, this court must decide only whether Judge Duffin's report and recommendation are clearly erroneous. The court concludes that they are not.

In the §2241 petition he filed in federal court, the petitioner alleges that he was held for several days in the Milwaukee County Jail without any process after being arrested on June 25, 2017, dkt. no. 1 at 10; that he had a right to have a probable cause hearing within forty-eight hours of that arrest, id. at 10-11; that when he tries to say something about these issues in state court he is hushed up and ushered away, id. at 11; and that he has been deprived of any proper legal paperwork and has no idea why he is in jail, id. at 12. Judge Duffin explained in his recommendation that the petitioner had been charged in two separate cases in Milwaukee County Circuit Court, 2017CF002963 and 2017CF005525. Dkt. No. 5 at 3. This court's review of the docket in 2017CF002963 indicates that that case likely arose out of the June 25, 2017 arrest to which the defendant refers; the complaint in that case was filed on June 29, 2017. https://wcca.wicourts.gov (last checked November 17, 2018). The docket indicates that the petitioner was out of custody at the time the complaint was filed, and that the court set a $10,000 cash bond. The defendant was in custody on the date the complaint was filed in 2017CF5525; the court ordered a $75,000 cash bond set, but the petitioner remains in custody. Id.

The dockets indicate that Attorney Marcella De Peters represents the petitioner in both cases; Judge Christopher Dee conducted a final pretrial conference in 2017CF005525 on November 16, 2018 and the case is scheduled for trial on December 3, 2018 at 9:00 a.m.; he scheduled a status conference for that same date and time in 2017CF2963. Id. Nothing on either docket, or in

the petition, indicates that the petitioner has tried to litigate the issues he raises in his *habeas* petition in the actual state-court cases; he has not filed any motions in either state-court case. While the petition alleges that the petitioner has been prosecuted without "ever hearing the accused side of the story," the state-court records show that the cases are not over. If he chooses to do so, he will have an opportunity to present his side of the story at trial in state court.

Judge Duffin explained in detail the law which gives this court the authority to require the petitioner to litigate these issues in his state court cases before he seeks *habeas* relief in the federal court. Dkt. No. 5 at 2-3. The court agrees with Judge Duffin that that is what the petitioner should do. If he wants to challenge his detention, or argue that the state court has violated his due process rights, he should talk to his state court lawyer about filing motions to that effect. If he is unsuccessful in state court, he can file a federal *habeas* petition after he has exhausted his remedies there.

Finally, the court notes that the petitioner asked this court to "investigate" the Milwaukee County Circuit Court for "lawlessness, violations of due process of law of not only petitioner but countless others whom have been maliciously arrested, giving no due process of law, prosecuted without ever hearing the accused side of the story." Dkt. No. 1 at 12. Even if the petitioner had exhausted his remedies before filing his federal petition, this court could not grant the relief he requests. Federal courts do not investigate. That is what law enforcement agents do. And a federal court can grant only one form of relief

to a *habeas* petitioner—if the petitioner wins, the court can order that he be released—that is all a federal court can do for a *habeas* petitioner. In this case, the court cannot do that, because the petitioner has not litigated his claims in the state court.

The court concludes that Judge Duffin's recommendation that this court dismiss the petition was not clearly erroneous.

The court **ADOPTS** Judge Duffin's recommendation that the court dismiss the petition for failure to exhaust remedies in the state court. Dkt. Nos. 4, 5.

The court **ORDERS** that this case is **DISMISSED** for failure to exhaust. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. of App P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally

4

no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 19th day of November, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**